## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PONTE INVESTMENTS, LLC, a limited liability company, also d/b/a SBA LOAN PROGRAM and d/b/a SBA LOAN PROGRAM.com, and<br><br>JOHN C. PONTE, individually and as an officer of PONTE INVESTMENTS, LLC,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.      The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4.     The FTC is an independent agency of the United States Government created by statute.   15 U.S.C. §§ 41–58.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5.     The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.   15 U.S.C. § 53(b).

**DEFENDANTS**

6.     Defendant Ponte Investments, LLC, also doing business as SBA Loan Program and SBA Loan Program.com, is a Rhode Island limited liability company with its principal place of business at 1300 Division Road, Suite 305, West Warwick, RI 02893.   SBA Loan Program transacts or has transacted business in this District and throughout the United States.

7.     Defendant John C. Ponte, is the owner, managing member, and President of SBA Loan Program.   At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of SBA Loan Program, including the acts and practices set forth in this Complaint. Defendant Ponte resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

**COMMERCE**

8.     At all times material to this Complaint, Defendants Ponte Investments, LLC, also doing business as SBA Loan Program and SBA Loan Program.com and John C. Ponte

2

(hereinafter Defendants or SBA Loan Program) have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

9.      SBA Loan Program preys on small businesses seeking financial relief from the devastating effects of the coronavirus pandemic.   Small businesses, which typically cannot survive less than a month without incoming revenue, have particularly felt the damaging effects of the pandemic.   These businesses have been struggling to retain employees and keep their doors open.

10.      SBA Loan Program claims to make funds available to small businesses through federal legislation creating a new SBA loan program, but Defendants are not authorized to make and approve such loans.   SBA Loan Program is not affiliated with the true SBA loan program, or with the SBA.

### Background on Federal Legislation on Small Business Relief

11.      The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, was enacted to provide immediate assistance to individuals, families, and businesses affected by the Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak.   Under the CARES Act, eligible small businesses can obtain loans under a new, temporary SBA loan program, also called the Paycheck Protection Program ("PPP").   The loans can only be made by lenders authorized by the SBA.

12.      Consumer demand for these loans has been extremely high and unprecedented. As of mid-day Thursday, April 16, 2020 at least 1.6 million PPP loans already have been approved, accounting for the full $349 billion Congress has presently allotted to this program.

SBA is authorized to guarantee these loans through June 30, 2020 or until allotted funds are exhausted.

13.     SBA's website, sba.gov, provides a PPP borrower application form.

## SBA Loan Program's Deceptive Claims

14.     SBA Loan Program has solicited applications for the PPP program from desperate small business owners, targeting them via telephone and e-mail, as well as through the website sbaloanprogram.com.

15.     For example, one small business consumer in Maine received a call from an SBA Loan Program representative who claimed to be calling from the SBA.   The representative informed the consumer that SBA Loan Program was working with that consumer's bank and urged the consumer to apply immediately because the PPP program had limited funds that would run out.

16.     A second representative followed up with the consumer by e-mail, claiming: "We are the SBALoanProgram.com and as mandated by the SBA, getting approved is easier than ever!"

17.     SBA Loan Program also lures consumers through the website, sbaloanprogram.com.   The sbaloanprogram.com website immediately triggers a pop-up screen that states in large, bold font, "CARES Act Paycheck Protection Program."   Right below that, this pop-up also at times has represented in all caps "WE ARE A DIRECT LENDER FOR THE PPP LOAN PROGRAM!"

4



A true and correct copy of the webpage is attached as Exhibit A.

18.     The pop-up screen then invites consumers to "Apply Here."   Clicking on "Apply Here" brings consumers to an online application that again prominently touts "CARES Act Paycheck Protection Program" and at times has reiterated to applying consumers "We are a Direct Lender for the Paycheck Protection Program".




Call Us 888-982-8380

We are a Direct Lender for the Paycheck Protection Program

## CARES Act Paycheck Protection Program

A true and correct copy of the webpage is attached as Exhibit B.

19.     SBA Loan Program further represents, "The Paycheck Protection Program is being processed through lenders across the country participating in this program. No fee, No collateral, and No personal guaranty required. Lending is at a fixed 1.00% interest rate for two years and the SBA guaranty fee is waived. Apply now!"   *Id.*

20.     SBA Loan Program also has represented to some applying consumers that "[w]e are currently offering stimulus relief funding under the Economic Security Act (Cares Act)."

6

> We are currently offering stimulus relief funding
> under the Economic Security Act (Cares Act). No
> collateral or personal guaranty required. Lending is
> at a fixed 4% interest rate and the SBA guaranty
> fee is waived. Apply now for same-day**
> approval…

A true and correct copy of the webpage is attached as Exhibit C.

21.     At the bottom of the page beyond the "Submit" button, small-print text, in faint grey typeface against a white backdrop, states: "We are not the US Government, If [sic] you wish to apply for a Disaster Relief Loan follow this link to the SBA website www.sba.gov/disaster. The Paycheck Protection Program is not provided by the SBA." Exhibits B & C.   Even if a consumer located this text, the language does not disclose that SBA Loan Program is not authorized to make PPP loans.

22.     SBA Loan Program, however, is not an SBA-authorized lender.

23.     Indeed, SBA issued a cease and desist letter to SBA Loan Program on April 10, 2020, stating "SBA does not have any record" that SBA Loan Program "is a participating lender and SBA believes this assertion to be false."

24.     Nevertheless, SBA Loan Program has continued to claim that it will make PPP loans and has encouraged consumers to submit applications.

25.     As part of this scheme, SBA Loan Program has collected hundreds, if not thousands, of applications for PPP loans that it has not made.   Meanwhile, as of April 16, at

least 1.6 million small businesses that applied through authorized lenders have received $349

billion in relief, and the program has hit its current funding cap.

26.     Struggling small businesses who have applied through SBA Loan Program

instead of through actual SBA loan program lenders have not received PPP loans, while small

businesses who have applied through these lenders have exhausted the majority of the allotted

CARES Act funds available for PPP loans.   SBA Loan Program's victims thus continue to

suffer significant economic injury, including further jeopardizing employee jobs and potentially

even losing their entire businesses.

27.     Based on the facts and violations of law alleged in this Complaint, the FTC has

reason to believe that Defendants are violating or are about to violate laws enforced by the

Commission.

## VIOLATIONS OF THE FTC ACT

28.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts

or practices in or affecting commerce."

29.     Misrepresentations or deceptive omissions of material fact constitute deceptive

acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I
### Misrepresentations About Loans

30.     In numerous instances in connection with the advertising, marketing, promotion,

or offering of PPP loans, including through the means described in Paragraphs 14-21,

Defendants have represented, directly or indirectly, expressly or by implication, that Defendants

are authorized to make PPP loans or to otherwise accept or process PPP loan applications.

31.     In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 30, Defendants are not authorized to make PPP loans.

32.     Therefore, Defendants' representations as set forth in Paragraph 30 are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**Count II**

**Misrepresentations Concerning Government Status**

33.     In numerous instances in connection with the advertising, marketing, promotion, or offering of PPP loans, including through the means described in Paragraphs 14-21, Defendants have represented, directly or indirectly, expressly or by implication, that Defendants are the United States Small Business Administration, or are affiliated or otherwise associated with, or endorsed, sponsored, or approved by the United States Small Business Administration.

34.     In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 33, Defendants are not the United States Small Business Administration, and are not affiliated or otherwise associated with, or endorsed, sponsored, or approved by the United States Small Business Administration.

35.     Therefore, Defendants' representations as set forth in Paragraph 33 are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**CONSUMER INJURY**

36.     Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act.   In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.   Absent injunctive relief by this

Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## **THIS COURT'S POWER TO GRANT RELIEF**

37.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.   The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A.     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, a temporary and preliminary injunction;

B.     Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.      Award Plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel


Dated: <u>April 17, 2020</u>                    <u>/s/ Thomas J. Widor</u>
                                     THOMAS J. WIDOR
                                     (DC Bar No. 490184)
                                     SANYA SHAHRASBI
                                     (DC Bar No. 1671001)
                                     DANIEL DWYER
                                     (CA Bar No. 286701)

                                     Federal Trade Commission
                                     600 Pennsylvania Ave., NW, CC-10232
                                     Washington, DC 20580
                                     (202) 326-3039 (Widor)
                                     (202) 326-2709 (Shahrasbi)
                                     (202) 326-2957 (Dwyer)
                                     twidor@ftc.gov
                                     sshahrasbi@ftc.gov
                                     ddwyer@ftc.gov