## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **CASE NO. 1:20-cv-00177-JJM-PAS** |
| **Plaintiff** | |
| **v.** | **STIPULATED PRELIMINARY INJUNCTION** |
| **PONTE INVESTMENTS, LLC, a limited liability company, also d/b/a SBA LOAN PROGRAM and d/b/a SBA LOAN PROGRAM.com, and** | |
| **JOHN C. PONTE, individually and as an officer of PONTE INVESTMENTS, LLC,** | |
| **Defendants** | |

THIS MATTER comes before the Court upon the stipulation of Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), and Defendants, Ponte Investments, LLC, also d/b/a SBA Loan Program and d/b/a SBA Loan Program.com, and John C. Ponte, for the entry of a stipulated preliminary injunction order ("Order") to resolve the Commission's Motion For A Temporary Restraining Order, And Other Equitable Relief, And An Order To Show Cause Why A Preliminary Injunction Should Not Issue (Dkt. 5).

Having considered the stipulation of the parties, and being otherwise advised, the Court makes the following findings of fact and conclusions of law:

### FINDINGS

A.   The FTC and Defendants have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

1

B.   Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of their stipulation hereto or this Order.

C.   This Court has jurisdiction over the subject matter of this case and all parties hereto, and venue in this district is proper.

D.   The FTC asserts that there is good cause to believe that Defendants John C. Ponte and Ponte Investments, LLC, d/b/a SBA Loan Program and d/b/a SBALoanProgram.com, have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  The FTC therefore asserts that it is likely to prevail on the merits of this action.  Defendants deny these assertions.

E.   The FTC asserts that there is good cause to believe that immediate and irreparable harm will result unless Defendants are restrained and enjoined by order of this Court. Defendants deny these assertions.

F.   The entry of this Order is in the public interest.

G.   No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

   1.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

2

2.  The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

3.  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

B.  **"Corporate Defendant"** means Ponte Investments, LLC, a Rhode Island limited liability company, also d/b/a SBA Loan Program and d/b/a SBALoanProgram.com, and each of their subsidiaries, affiliates, successors, and assigns.

C.  **"Defendant(s)"** means Corporate Defendant and John C. Ponte, individually and as the Sole Member of Ponte Investments, LLC, individually, collectively, or in any combination.

D.  **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a

3

reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

E.  **"Individual Defendant"** means John C. Ponte.

F.  **"Paycheck Protection Program"** or **"PPP"** means the program enacted under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, to provide immediate assistance to individuals, families, and businesses affected by the novel coronavirus disease (COVID-19), or any subsequent or related program enacted or implemented for a similar purpose.

G.  **"Small Business Administration"** or **"SBA"** means the United States Small Business Administration, or the U.S. Small Business Administration, established by law and currently codified in 15 U.S.C. § 633.

## ORDER

## I.  PROHIBITION ON MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

A.  that any Defendant is authorized to make PPP loans or to otherwise accept or process PPP loan applications; and

B.  that any Defendant is the SBA, or is affiliated or otherwise associated with, or endorsed, sponsored, or approved by, the SBA or the United States government.

4

## II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.   Selling, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person or business that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.   Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person or business that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that this Section II shall not prohibit the transfer or disclosure of a consumer's information, or Defendants from benefitting or using such information, if necessary to provide the consumer with a requested product or service and the consumer has provided express, informed consent to the transfer or disclosure.

*Provided further, however*, that Defendants must disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.    CONSUMER NOTIFICATION

**IT IS FURTHER ORDERED** that Corporate Defendant shall:

A.   Within forty-eight (48) hours of entry of this Order, notify each consumer whose

5

information any Defendant obtained in connection with any activity that pertains to the subject matter of the Order and who has not obtained PPP funding as a result of Defendants' placement of the consumer's application with an authorized PPP lender.  Notification shall be given via electronic mail to the most recent electronic mail address known to the Defendants and Clearly and Conspicuously state the following:

(1) Defendants are providing this notification as required by a court order with the FTC;

(2) Defendants are not the SBA, and are not affiliated or otherwise associated with, or endorsed, sponsored, or approved by the SBA; and

(3) Defendants are not a PPP direct lender or direct lending source authorized by the SBA.

B.   Provide the FTC, within three (3) business days of entry of this Order, with a copy of the consumer notification and a signed declaration identifying the name, e-mail address, and telephone number of each consumer required to be notified by Section III.A.

## IV.   **PRESERVATION OF RECORDS**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.   Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the

control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' assets.

## V. REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VI. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each (i) affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, (ii) agent, independent contractor, client, attorney, and representative who participates in the conduct related to the subject matter of the Order, and (iii) subsidiary or division of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email

7

addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## VII.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any person or entity that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## VIII.    CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff must be emailed to twidor@ftc.gov.

8

## IX.   **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

AGREED, CONSENTED & STIPULATED TO:

Federal Trade Commission

Ponte Investments, LLC, d/b/a SBA Loan Program, d/b/a SBA Loan Program.com; & John C. Ponte

By its Attorneys,

By their Attorney,

/s/ Thomas J. Widor
Thomas J. Widor (DC Bar #490184)
Sanya Shahrasbi (DC Bar #1671001)
Daniel Dwyer (DC Bar #286701)
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-10232
Washington, D.C. 20580
Tel.: (202) 326-3039
Email: twidor@ftc.gov
Email: sshahrasbi@ftc.gov
Email: ddwyer@ftc.gove

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (RI Bar #5188)
Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304
West Warwick, RI  02893
Tel.: (401) 533-9330
Email: cmulhearn@mulhearnlawri.com

ENTER:

PER ORDER:

/s/ Barbara Barletta

John J. McConnell, Chief Judge
United States District Court for the
District of Rhode Island

Date: April 20 , 2020

Date: April 20 ,2020

9